Peter W. HIRSCH, Regional Director of the Fourth Region of the National Labor Relations Board for and on behalf of the National Labor Relations Board, Petitioner,

v.

CORBAN CORPORATION, INC., d/b/a Encor Coatings, Inc., Respondent.

Civil Action No. 96–6470.

United States District Court, E.D. Pennsylvania.

June 16, 1997.

Carmen P. Cialino, Jr., N.L.R.B., Region Four, Philadelphia, PA, for Petitioner.

Richard A. Wilsker, Ross & Hardies, New York City, Alan I. Moldoff, Adelman Lavine Gold and Lavin, Philadelphia, PA, for Respondent.

## MEMORANDUM

JOYNER, District Judge.

On September 24, 1996, Peter W. Hirsch, Regional Director of the Fourth Region of the National Labor Relations Board, filed a petition for and on behalf of the National Labor Relations Board (the "Board") seeking interim injunctive relief pursuant to section 10(j) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 160(j), against Respondent Corban Corporation, Inc., d/b/a Encor Coatings, Inc. ("Encor"). The Board sought this relief pending its adjudication of an unfair labor practices complaint filed by Local 365, International Union of United Automobile, Aerospace and Agricultural Implementation Workers of America (the "Union") regarding Encor's discipline and discharge of Jeremiah Mahoney ("Mahoney"). Pursuant to an Order to Show Cause, this Court conducted an evidentiary hearing on October 10, 17 and 18, 1996. Based on the evidence presented at this hearing, pre-hearing and post-hearing memoranda, and proposed findings of fact and conclusions of law, this Court entered an Order on December 5, 1996, denying the relief sought by the Board. *See Hirsch v. Corban Corporations, Inc.*, 949

F.Supp. 296 (E.D.Pa.1996). The Union's underlying administrative unfair labor practices complaint was subsequently settled. Before the Court is Encore's Application for Attorneys' Fees and Costs Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, to recover $62,908.90 in fees and costs incurred in connection with this action.

## I. Standard for An Award of Fees and Costs under the EAJA

■ Section 2412(d)(1)(A) of title 28 of the United States Code provides that:

[e]xcept as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ... brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A) (West 1994 & Supp.1997). "Thus, eligibility for a fee award in any civil action requires: (1) that the claimant be a prevailing party; (2) that the government's position was not substantially justified; (3) that no special circumstances exist to make an award unjust; and, (4) pursuant to 28 U.S.C. § 2412(d)(1)(B), that any fee application be submitted to the court within 30 days of final judgment in the action and be supported by an itemized statement." *Commissioner, Immigration and Naturalization Service v. Jean*, 496 U.S. 154, 158, 110 S.Ct. 2316, 2319, 110 L.Ed.2d 134 (1990). The only issue regarding Encor's eligibility in this case is whether the Board's position in seeking section 10(j) relief was substantially justified, which is "determined on the basis of the record (including the record with respect to the action ... by the agency upon which the civil action is based)." 28 U.S.C. § 2412(d)(1)(B).

■ The Supreme Court has defined substantial justification under the EAJA as "justified in substance or in the main—that is,

justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988). As the Court explained, "a position can be justified even though it is not correct, and ... it can be substantially (for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Id.* at 566 n. 2, 108 S.Ct. at 2550 n. 2. The burden of demonstrating substantial justification rests with the government agency. *Hanover Potato Products, Inc. v. Shalala*, 989 F.2d 123, 128 (3d Cir.1993). Thus, our Court of Appeals has held in light of *Pierce* that an agency satisfies its burden if it demonstrates that it had (1) a reasonable basis for the truth of the facts alleged; (2) a reasonable basis in law for the theory it propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced. *Id.* Finally, we are mindful that "[w]hile the parties' postures on individual matters may be more or less justified, the EAJA—like other fee-shifting statutes—favors treating a case as an inclusive whole, rather than as atomized line-items." *Jean*, 496 U.S. at 161–62, 110 S.Ct. at 2320; *U.S. v. Eleven Vehicles*, 937 F.Supp. 1143, 1152 (E.D.Pa.1996) (quoting same).

## II. Application of the Standard to this Case

■ In this case, in order to secure the section 10(j) relief requested, the Board was required to establish "reasonable cause" to believe that an unfair labor practice had occurred and that an injunction would be "just and proper." *Pascarell v. Vibra Screw*, 904 F.2d 874, 877 (3d Cir.1990). The Board contended that there was reasonable cause to believe that Encor's management, knowing that Mahoney was the plant's lead Union activist, unlawfully singled Mahoney out for discipline, threatened him with discharge, and ultimately did discharge him just as the Union was returning from years of exile and the collective bargaining process was about to resume.[1] Thus, the Board sought section 10(j) relief temporarily reinstating Mahoney

---

1. The Board alleged that the discipline and threat of discharge violated section 8(a)(1) of the NLRA, 29 U.S.C. § 158(a)(1), and that the discharge violated section 8(a)(3), 29 U.S.C. § 158(a)(3).

and rescinding the disciplinary measures imposed on him. The Board argued that such injunctive relief would be "just and proper" because it would cure the alleged "chilling effect" of Encor's actions on unionization at the plant and because the public's interest in peaceful labor negotiation would be served thereby.

We denied the Board's petition because we found no reasonable cause to believe that Encor's management violated section 8(a)(3) by discharging Mahoney. *Id.*, 949 F.Supp. at 301–303. Rather, we found that the evidence established that Mahoney had been justifiably discharged for a costly paint-mixing error. *Id.* We did not decide whether there was reasonable cause to believe that Mahoney was disciplined and threatened with discharge because, assuming he had, Encor demonstrated that Mahoney "would have been discharged absent the protected conduct." *Id.* at 302 n. 4. We also held that, even if the Board had demonstrated reasonable cause, awarding the injunctive relief requested would not have been "just and proper" because: (1) we found insufficient evidence of chill among the plant's employees resulting from Mahoney's discharge, and (2) the public interest in peaceful labor negotiation would not have been served because Mahoney was not a member of the bargaining committee when he was terminated. *Id.* at 303–304.

In the instant Application, Encor argues that these findings essentially mandate an award of fees and costs under the EAJA. According to Encor, the Board cannot meet its burden of establishing that its position was substantially justified, i.e. had a reasonable basis in law and fact, when we expressly found that there was no reasonable cause to believe that Mahoney's discharge violated

section 8(a)(3). In short, having failed to satisfy its "relatively insubstantial burden" in the § 10(j) proceeding, the Board must now be "punished" for subjecting Encor to suit. Respt's Mem. in Supp. of EAJA App. at 15.

In response, the Board stresses that a position may be reasonable even if it is not correct and that, when viewed as a whole, the Board's position was substantially justified. First, the Board notes our finding that its legal theory was "clearly 'substantial and not frivolous,'" *Hirsch,* 949 F.Supp. at 299, and claims that this finding alone satisfies the second prong of the three-part *Hanover* test. The Board then argues that, based on the evidentiary record before the Court, it was at least substantially justified in maintaining (1) that there was reasonable cause to believe that Mahoney was unlawfully threatened, disciplined, and discharged based on his involvement with the Union, and (2) that injunctive relief would be just and proper.

We have carefully reviewed the record in this case and the basis of our decision, but we will not now recite at length what we found reasonable cause to believe based on the evidence presented at the hearing. *See Jean,* 496 U.S. at 163, 110 S.Ct. at 2321 ("A request for attorney's fees should not result in a second major litigation.") (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 437, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983)). We simply note that we agree with the Board that: (1) it had a reasonable basis in law for its theory of the case generally; (2) it was substantially justified in maintaining that there was reasonable cause to believe that Mahoney was unlawfully disciplined and threatened with discharge; and (3) it was substantially justified in arguing that injunctive relief would have been just and proper.[2]

---

**2.** We agree with the Board that our finding concerning its legal theory satisfies the second *Hanover* prong.

With respect to the section 8(a)(1) charges, we find substantial justification for the Board's position concerning the threat based on the nature of Dennis Gleason's statement ("Why are you [Mahoney] worried about it [the settlement requiring Encor to negotiate with the Union] because you are not going to be around that much longer?") and the surrounding circumstances (after questioning by Mahoney regarding the stipulation).

In addition, evidence that Mahoney received a written warning for not wearing safety equipment by a supervisor who also was not complying with the safety policy, when no other such warning had been issued to any employee before or since, clearly provides substantial justification regarding the unlawful discipline allegation.

Finally, the Board's argument that injunctive relief would be just and proper was substantially justified (1) given evidence that employees were afraid of assuming leadership roles in the Union in the wake of Mahoney's discharge, and (2)

The real question, however, viewing the case as "an inclusive whole," *Jean*, 496 U.S. at 161–62, 110 S.Ct. at 2320–21, is whether the Board's position was substantially justified despite its failure to establish reasonable cause regarding the issue at "the heart of the ... petition," namely, Mahoney's discharge. *See Hirsch*, 949 F.Supp. at 300.

The Board argues that its position was substantially justified for several reasons. First, the Board claims that it made out a *prima facie* case that anti-union animus was a substantial or motivating factor behind Mahoney's discharge based on evidence of Encor's knowledge of Mahoney's activities and the section 8(a)(1) violations. *See N.L.R.B. v. Transportation Management Corp.*, 462 U.S. 393, 103 S.Ct. 2469, 76 L.Ed.2d 667 (1983); *Hirsch*, 949 F.Supp. at 301 n. 4. Second, the Board contends that our finding that Mahoney was discharged for his paint-mixing error does not make their contrary position unreasonable. The Board bases this contention on the following evidence: Mahoney had no experience mixing this particular type of paint; his error occurred during a rush job; consistent with Encor's policy, Mahoney requested help from a supervisor, Richard Miller ("Miller"), regarding how to mix the paint but Miller told him, "check it yourself, you stupid old bastard"; on a previous occasion, another employee requested and received help from a supervisor mixing this type of paint; Miller suffered no penalty for refusing to help Mahoney. Thus, the Board claims that it was reasonable to argue that Mahoney's discharge was based on anti-union animus, and not on his failure to read simple instructions correctly, because Mahoney had complied with Encor's policy of seeking help from a supervisor and such help had been refused. Further, the Board contends that the inference of anti-union animus was strengthened by Encor's failure to discipline Miller, who was "equally at fault" for the error. Finally, the Board cites several cases where courts or administrative law judges have rejected the government's position, but have nonetheless found the position

substantially justified. *See Jackson v. Chater*, 94 F.3d 274 (7th Cir.1996); *EEOC v. O & G Spring and Wire Forms Specialty*, 38 F.3d 872 (7th Cir.1994); *Bouley, Inc., d/b/a Bouley*, 308 NLRB 653, 1992 WL 217956 (1992).

Encor replies that the Board's arguments are unavailing because the Board does not explain "precisely how it is possible that [it] *lacked* reasonable cause to believe that Encor violated the [NLRA], but nonetheless *had* 'a reasonable basis in law and fact' for [its] claims." Reply Br. at 2 (emphasis in original). Indeed, Encore claims that the Board's arguments prove too much in light of its decisions not to appeal the decision and, subsequently, to settle the underlying charges for a "minimal settlement payment." *Id.* at 7 n. 5. Finally, Encor maintains that the Board' cases are inapposite because, unlike this case, the merits of the government's claims were fully tried to a fact-finder. Thus, Encor directs us to several cases that we discuss *infra*.

We find Encor's arguments unpersuasive. The Board does argue that its position regarding Mahoney's discharge could be substantially justified, though ultimately rejected, because, under the clear language of *Pierce*, the Board's position need not be correct to avoid the imposition of fees. 487 U.S. at 566 n. 2, 108 S.Ct. at 2550 n. 2. The Board need only reasonably, not correctly, contend that there was reasonable cause to believe that Mahoney's discharge violated the NLRA. Encor's argument would render the EAJA an automatic fee-shifting device in section 10(j) cases where the Board fails to establish reasonable cause (provided the other statutory requirements are met).

Further, nothing in our December 5 Memorandum compels an award of fees and costs under the EAJA. In our decision, we rejected the Board's contention that the evidence of (1) prior unlawful threat and discipline, (2) allegedly mitigating circumstances surrounding Mahoney's paint-mixing error, and (3) Encor's failure to (a) discipline Miller, (b) hear directly from Mahoney regarding his

---

based on its argument that *Eisenberg v. Wellington Hall*, 651 F.2d 902 (3d Cir.1981), applied to this case, where the discharged employee was not a member of the bargaining committee. Our

reasons for rejecting these arguments are fully set forth in the December 5 Memorandum. *See Hirsch*, 949 F.Supp. at 303–304.

version of events before firing him, or (c) treat other employee errors as harshly, created a sufficient inference of an anti-union animus to establish reasonable cause to believe that Mahoney's discharge was unlawful. We rejected the Board's contention, under the standards applicable to a section 10(j) petition, because of the nature of Mahoney's error and the severity of its consequences. We did not, however, find the Board's position unreasonable for purposes of the EAJA. The Tenth Circuit's decision in *United States v. 2,116 Boxes of Boned Beef, Weighing Approximately 154,121 Pounds*, 726 F.2d 1481 (10th Cir.1984), is instructive. In that case, the district court denied the government's petition to seize a quantity of beef pursuant to the Meat Inspection Act, 21 U.S.C. §§ 601–695. The court not only found insufficient evidence of adulteration, but made "objurgatory remarks about the government's evidence" such as characterizing "the Secretary of Agriculture's § 601(m)(2)(A) order ... as arbitrary, capricious and irrational .... [and making] similar comments about proof of adulteration." *Id.* at 1487–88. The district court nonetheless denied the defendant's EAJA petition because, after a hearing and specific findings regarding the fee application, it found the government's position substantially justified. Reasoning that the government's litigation position was subjected to the EAJA substantial justification test only in the latter proceeding, the Tenth Circuit upheld the denial of fees. *Id.* at 1488.

Thus, after careful consideration of the submissions of the parties concerning this Application and the evidentiary record in this case, we specifically find that the Board's position regarding Mahoney's discharge, and thus the petition as a whole, was substantially justified within the meaning of the EAJA. We find that the Board has met its burden to avoid the imposition of fees and costs because the following position was reasonable, though not correct: that evidence of (1) prior unlawful threats and discipline against Mahoney, (2) allegedly mitigating circumstances surrounding his paint-mixing error, and (3) Encor's failure to (a) discipline Miller, (b) hear directly from Mahoney regarding his

version of events before firing him, or (c) treat other employee errors as harshly, created a sufficient inference of anti-union animus to establish reasonable cause to believe that Mahoney's discharge was unlawful. In so holding, we draw no adverse inference either from the Board's failure to appeal our decision or from the ultimate settlement of the underlying charges. In fact, in *Pierce,* the Supreme Court expressly rejected the argument that "the lack of substantial justification for the Government's position was demonstrated by its willingness to settle the litigation on unfavorable terms." *Pierce,* 487 U.S. at 568, 108 S.Ct. at 2551–52. The Court reasoned that "[t]he unfavorable terms of a settlement agreement, without inquiry into the reasons for settlement, cannot conclusively establish the weakness of the Government's position. To hold otherwise would not only distort the truth but penalize and thereby discourage useful settlements." *Id.*

Finally, we are not persuaded by the authority to which Encor has directed us. The opinion in *Pascarell v. Dock Builders Local Union 1456,* 150 L.R.R.M. (BNA) 2454, 1995 WL 661212 (D.N.J.1995), contains no factual analysis. In *Silverman v. Ehrlich Beer Corp.,* 687 F.Supp. 67 (S.D.N.Y.1987), an NLRB contempt proceeding, the court awarded fees where the government's case constituted a "total failure of proof" and did not even satisfy the requirements of Rule 11. *Id.* at 71. In *Phil Smidt & Son, Inc. v. N.L.R.B.,* 810 F.2d 638 (7th Cir.1987), an action for backpay initiated by the Board, the government's position as to the amount of backpay owed lacked a reasonable basis in fact because the agency ignored "affirmative evidence, in the form of tax returns, which clearly indicated ... interim earnings" and additional evidence suggesting that these earnings were actually understated. *Id.* at 643. No such easily quantifiable, directly contradictory evidence was disregarded in this case. Finally, in *Enerhaul, Inc. v. N.L.R.B.,* 710 F.2d 748 (11th Cir.1983), the Board's legal theory found no support in the law of that Circuit, which also was not the case here. *Id.* at 751.[3]

---

**3.** We also find this case distinguishable from

*Hess Mechanical Corp. v. N.L.R.B.,* 112 F.3d 146

Instead, we are influenced by the reasoning of the administrative law judge (ALJ) whose decision was adopted by the Board in *Bouley.* In that case, the ALJ ruled that the respondent company had not unlawfully discharged an employee for his union activities, but rather had done so justifiably for cause. Nonetheless, the ALJ declined to award fees and costs under the EAJA because he found the government's contention reasonable. An EAJA award would be inappropriate because "[t]hese types of cases, requiring a determination of another person's motivation, (i.e. state of mind), are not susceptible to a scientific and quantifiable evaluation. The ALJ, like anyone else must use his own experience, knowledge and to some degree intuition, to evaluate the record evidence in order to attempt to ascertain someone else's state of mind." 1992 WL 217956 at * 3. Likewise, in this case, we were called on to decide whether circumstantial evidence created a sufficient inference of unlawful motivation to establish reasonable cause to believe that Encor had in fact acted with such motivation. We concluded that it did not. That does not, however, make the Board's contrary position unreasonable.

Thus, we deny Encor's Application for Attorneys' Fees and Costs Pursuant to the EAJA. An appropriate Order follows.

### ORDER

AND NOW, this 16th day of June, 1997, upon consideration of Respondent's Application for Attorneys' Fees and Costs Pursuant to the Equal Access to Justice Act, Petitioner's response, and Respondent's reply thereto, it is hereby ORDERED that the Application is DENIED.

(4th Cir.1997), decided after the briefs were filed in this matter. In *Hess,* the Fourth Circuit reversed the denial of fees and costs under the EAJA where the NLRB issued a complaint alleging violations of sections 8(a)(1) and 8(a)(3) despite "overwhelming evidence that [the employer] harbored no anti-union animus and had fired [the employee] solely for poor performance." *Id.* at 149. In the instant case, there was more evidence of anti-union animus and less of poor performance. Indeed, the court found in *Hess* that "[i]n a civil action with a similar record, [the government's position] would border on conduct sanctionable under Rule 11." *Id.* at 150.